E-FILED
Tuesday, 09 June, 2026  11:41:29 AM
Clerk, U.S. District Court, ILCD

IN THE
**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

MICHAEL HENDRICKS,
    Plaintiff,

v.

BRUCE KETTLEKAMP, *et al.*,
    Defendants.

Case No. 3:26-cv-03097-JEH

### Merit Review Order

Plaintiff, proceeding *pro se* and currently detained at the Livingston County Jail, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was detained at the Christian County Jail and the Adams County Jail. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II

Plaintiff files suit against Christian County Sheriff Bruce Kettlekamp, Christian County Jail Administrator Cecil Polley, Christian County, Adams County Sheriff Anthony Grootens, Adams County Jail Administrator Brian Curran, Adams County, Advanced Correctional Healthcare ("ACH"), Dr. Monica Duran (physician at the Christian County Jail), and the United States Marshals Service ("USMS").

During the relevant period, Plaintiff was a federal detainee. Plaintiff was arrested by the FBI on April 18, 2022. Plaintiff states he was denied pretrial release and remanded to the custody of Defendant USMS.

Plaintiff states he suffers from Type 1 diabetes and is dependent on insulin. While detained at the Christian County Jail between April 18, 2022 and March 2024, Plaintiff suffered from high glucose levels and ran out of insulin multiple times for several days. On an unspecified date, Plaintiff complained to Defendants Jail Administrator Polley and Dr. Duran about not having insulin and having high glucose levels. Plaintiff's attorney allegedly notified Defendant USMS about the denial of Plaintiff's insulin, but no action was taken.

Plaintiff also suffered from high glucose levels while detained at the Adams County Jail between March 2024 and July 5, 2024. On an unknown date, Plaintiff received laser treatments from Dr. Sumit Bhatia to stop bleeding behind his eyes caused by high glucose levels. After several unsuccessful laser treatments on Plaintiff's right eye, Dr. Bhatia performed surgery to stop further retinal detachment.

## III

In a conclusory fashion, Plaintiff alleges he "complained to Defendant Polley and Duran about not having insulin and having high glucose levels." (Doc. 1 at p. 3). Plaintiff does not state when he complained to Defendants Jail

Administrator Polley and Dr. Duran or if he spoke to them in person or sent them a letter. Plaintiff's sparse allegations against Defendants Polley and Dr. Duran are insufficient to proceed on a deliberate indifference claim.

Plaintiff named Christian County Sheriff Kettlekamp, Adams County Sheriff Grootens, and Jail Administrator Curran as Defendants, but he did not include any specific allegations to demonstrate that they were personally involved in any constitutional deprivation or even aware of Plaintiff's medical condition. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendants cannot be liable based only on their status as the supervisor of others. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If Jail officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff names Christian County and Adams County as Defendants, but the Counties are not liable simply because they employ Sheriffs Kettlekamp and Grootens and Jail Administrators Polley and Curran. The doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

Plaintiff names ACH as a Defendant, but he does not claim that he was injured due to a policy or practice of ACH. *Monell v. Dep't of Soc. Servs. of City of*

*New York*, 436 U.S. 658, 691-92 (1978); *see also McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury). Private corporations have potential liability under *Monell* if they perform a governmental function and, in doing so, injure the plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Since there is no *respondeat superior* liability under § 1983, ACH cannot be liable for the alleged misdeeds of its employees, as employees are responsible individually. *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007).

"Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). The USMS is a federal law enforcement agency. *See Burgess v. Milwaukee Police Dep't*, No. 19-CV-1901-PP, 2020 WL 4260809, at *6 (E.D. Wis. July 23, 2020). The USMS is not a person acting under color of state law. *Id.*

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6)**

4

**and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **The Clerk is directed to send Plaintiff a blank section 1983 complaint form.**

*It is so ordered.*

Entered: June 9, 2026

s/Jonathan E. Hawley
U.S. District Judge