E-FILED
Wednesday, 16 September, 2026 10:08:12 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

MICHAEL HENDRICKS,
Plaintiff,

v.

BRUCE KETTLEKAMP, *et al.*,
Defendants.

Case No. 3:26-cv-03097-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Federal Medical Center ("FMC") Lexington, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was detained at the Christian County Jail and the Adams County Jail. (Doc. 15). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II

Plaintiff files suit against Christian County Sheriff Bruce Kettlekamp, Christian County Jail Administrator Cecil Polley, Christian County, Adams County Sheriff Anthony Grootens, Adams County Jail Administrator Brian Curran, Adams County, Advanced Correctional Healthcare ("ACH"), Dr. Monica Duran (physician at the Christian County Jail), John/Jane Doe (physician at the Adams County Jail), and the United States Marshals Service ("USMS").

During the relevant period, Plaintiff was a federal detainee at the Christian County Jail between approximately April 18, 2022 and March 17, 2024, and at the Adams County Jail between approximately March 17, 2024 and July 5, 2024.

Plaintiff states he is diabetic and dependent on insulin. While at the Christian County Jail, Plaintiff's physician prescribed insulin and supplies, but medical staff at the Jail never provided the insulin or supplies as prescribed.

Plaintiff submitted several grievances concerning his high glucose levels. In response, Defendant Jail Administrator Polley advised Plaintiff to "see medical." (Doc. 15 at p. 3). Defendant Dr. Duran gave Plaintiff a few units of insulin, but Plaintiff's glucose levels remained too high.

In approximately November 2023, Plaintiff's family contacted Defendant Sheriff Kettlekamp regarding Plaintiff's need for more insulin. Defendant Kettlekamp stated he would resolve the issue, but nothing changed.

In approximately December 2023, Plaintiff's family contacted Danielle Hale with Defendant USMS about the inadequate medical care Plaintiff had received at the Christian County Jail, but nothing changed.

On or about March 17, 2024, Plaintiff was transferred to the Adams County Jail. Plaintiff received low doses of insulin, which caused high glucose levels. Plaintiff submitted several grievances. In response, Defendant Jail Administrator Curran advised Plaintiff to "contact medical." *Id.* at p. 4. Plaintiff alleges he wrote

to medical, saw the provider, and complained about high glucose levels but only received low doses of insulin.

In approximately June 2024, Plaintiff's family contacted the Adams County Sheriff's Department and spoke with Defendant Sheriff Grootens, who advised that he was "on top of the matter." *Id.* at p. 4. Plaintiff alleges nothing changed.

On or about July 5, 2024, Plaintiff was moved to the Livingston County Jail.

Plaintiff saw a retina specialist, Dr. Sumit Bhatia, in 2025. Dr. Bhatia stated that Plaintiff had bleeding behind both eyes, which had been caused by high glucose levels. Dr. Bhatia performed laser surgery and administered injections in both eyes throughout 2025. In January or February 2026, Dr. Bhatia performed surgery on Plaintiff's right eye, leaving Plaintiff with very little peripheral vision in his right eye.

**III**

During the relevant period, Plaintiff alleges he was a federal detainee at the Jail. As such, Plaintiff's claim arises under the Fourteenth Amendment's Due Process Clause. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (holding that a detainee's claim arises under the Fourteenth Amendment's Due Process Clause). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley*, 576 U.S. at 398). "[T]he denial of medical care for an objectively serious medical condition violates a pretrial detainee's due process rights if it is 'objectively unreasonable' in the totality of the facts and circumstances, and if jail personnel act 'purposefully, knowingly, or perhaps even recklessly when they consider[] the consequences of their handling of [the detainee's] case." *Gunter v. United States Marshals Serv.*, No. 21-4065-CSB, 2023 WL 12047205, at *2 (C.D. Ill. Sept. 15, 2023) (quoting *Miranda*, 900 F.3d at 353-54).

Based on Plaintiff's allegations, the Court finds that Plaintiff has stated a plausible Fourteenth Amendment claim against Defendants Christian County Sheriff Kettlekamp, Jail Administrator Polley, and Dr. Duran based on the allegedly inadequate medical care Plaintiff received to treat his diabetes while detained at the Christian County Jail between approximately April 18, 2022 and March 17, 2024, and against Defendants Adams County Sheriff Grootens and Jail Administrator Curran based on the allegedly inadequate medical care Plaintiff received to treat his diabetes while detained at the Adams County Jail between approximately March 17, 2024 and July 5, 2024.

Plaintiff's Amended Complaint does not state a claim against the USMS, ACH, Christian County, Adams County, or John/Jane Doe (physician at the Adams County Jail). The USMS is an agency of the United States Government and is immune from this suit. *Turner v. Cnty. of Cook*, No. 05 C 2890, 2005 WL 3299822, at *9 (N.D. Ill. Dec. 2, 2005) (citing cases). The USMS is dismissed with prejudice.

As for ACH, Christian County, and Adams County, "[t]o establish municipal liability, a plaintiff must show the existence of an official policy or other governmental custom that not only causes but is the moving force behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833-34 (7th Cir. 2012) (internal quotation omitted); *see also Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (Private corporations have potential liability under *Monell* if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice.).

A plaintiff can establish an official policy through "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 506,

515 (7th Cir. 2007) (citing *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007)). Plaintiff's sparse allegations fail to state a claim against ACH, Christian County, and Adams County pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 659 (1978). Accordingly, ACH, Christian County, and Adams County are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff names Defendant John/Jane Doe, the physician at the Adams County Jail, as a Defendant, but Plaintiff did not include any specific allegations against John/Jane Doe in his Amended Complaint. Plaintiff alleges he "wrote to medical, went and saw the provider, complained about high glucose levels, but would only receive low doses of insulin." (Doc. 15 at p. 4). It is unclear if "the provider" was Defendant John/Jane Doe. Therefore, Defendant John/Jane Doe is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment claim against Defendants Christian County Sheriff Bruce Kettlekamp, Cecil Polley, and Dr. Monica Duran based on the allegedly inadequate medical care Plaintiff received to treat his diabetes while detained at the Christian County Jail between approximately April 18, 2022 and March 17, 2024, and against Defendants Adams County Sheriff Anthony Grootens and Brian Curran based on the allegedly inadequate medical care Plaintiff received to treat his diabetes while detained at the Adams County Jail between approximately March 17, 2024 and July 5, 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendant United States Marshal Service is DISMISSED WITH PREJUDICE. Defendants Advanced Correctional Healthcare, Christian County, Adams County, and John/Jane Doe are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE the United States Marshal Service, Advanced Correctional Healthcare, Christian County, and Adams County as Defendants.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of

this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court

of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: September 16, 2026

s/Jonathan E. Hawley
U.S. District Judge